**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| GERALD GRAVES     Plaintiff | : |
| | : |
| v | :     Civil Action No. RWT-09-438 |
| LT. CREEK, *et al.* | : |
|     Defendants | : |

o0o

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or for Summary Judgment which is unopposed by Plaintiff.[1] Paper No. 20. Also pending is Plaintiff's Motion for Oral Hearing and for Appointment of Counsel. Paper No. 11. Upon review of the papers filed, the court finds a hearing in this matter unnecessary; therefore Plaintiff's Motion for Oral Hearing will be denied.[2] See Local Rule 105.6 (D. Md. 2009). For the reasons that follow, Defendants' motion, construed as a Motion for Summary Judgment, shall be granted.

**Background**

Previously, this court ordered Defendants to show cause why Plaintiff's request for preliminary injunctive relief should not be granted. Defendants filed a response to the order, but the court found that there was insufficient evidence presented to support the conclusion that Plaintiff was not entitled to any of the relief sought, specifically placement on protective custody. Defendants were required to file a full response to the complaint and Plaintiff was permitted to amend the complaint to include additional allegations.

---

[1] Plaintiff was advised of his right to file a Response in Opposition and of the consequences of failing to do so. See Paper No. 21.

[2] Upon review of the pleadings filed by Plaintiff, and the relative simplicity of the issues presented, and in light of the fact that this case will not scheduled for a hearing on the merits, Plaintiff's Motion for Appointment of Counsel shall also be denied. *See* 28 U.S.C. §1915(e)(1).

Plaintiff claims that on October 11, 2008, he was moved into a cell with inmate Anthony Nichols, a leader of a prison gang known as the Black Guerilla Family (BGF).  Paper No. 1 at p. 2.  Nichols made it known to Plaintiff that he did not want him in the cell because he was trying to get a fellow gang member to move into the cell.  Id.  Plaintiff spoke to Lieutenant Creek about the problem with Nichols, but Creek responded "you're a big boy, I'm sure you can handle this." Id.  Plaintiff responded that he could not beat an entire armed gang, but Creek insisted that he was not going to authorize any cell changes or place Plaintiff on protective custody.  Id.  Plaintiff gave Creek an Administrative Remedy Procedure (ARP) complaint and asked that it be given to the warden as an emergency.  Id.  Creek stated he would give the ARP to the warden but then forced Plaintiff to return to the cell with Nichols.  Id. at p. 3.

On October 15, 2008, Plaintiff claims he was in the cell when Nichols began threatening him again.  Plaintiff responded by telling Nichols he had done the best he could do, but they would not move him out of the cell.  Id.  Plaintiff claims Nichols then punched him in the head and face, knocked him to the floor, and caused him to black out.  He claims he was able to "get to his feet and defend himself as best as he could from Nichols' attack."  Id.  Officers heard the fighting, opened the food slot, and shot mace into the cell in an effort to stop Nichols from assaulting Plaintiff.  On November 1, 2008, Plaintiff received a letter stating that if he did not pay Nichols a $200 fee for fighting a gang member, Plaintiff would be killed.  Id.

Defendants assert that Plaintiff is not the targeted victim he purports to be; rather, he is the cause of additional violence in prison.  Paper No. 20.  Defendants claim that Plaintiff has never claimed that he is at risk of gang violence, but instead has been linked with gang members. Id. at Ex. 1 and Ex. 6 - 9 .  Plaintiff has been found guilty of numerous infractions during the term of his incarceration, including an assault on staff, possession of a weapon, and testing

2

positive for controlled dangerous substances. Id. In one incident Plaintiff assaulted another inmate, Jackie Burner, in 2005, leading to his conviction for second degree assault. Id. In addition to Plaintiff's disciplinary record, he is frequently cited by numerous other inmates as a person threatening assault on them. Id. It is believed by prison officials that Plaintiff is in the business of distributing drugs at Western Correctional Institution (WCI) and that his mother, Gwendolyn Graves, assists her son with drug distribution by sending other inmates at WCI money. Id.

During the October 15, 2008, altercation Plaintiff was observed by Officer Merling exchanging blows with Nichols. Id. at Ex. 2. Several orders to stop fighting were refused by both men, requiring Merling to deploy a short burst of pepper spray hitting both inmates in the face and chest. Id. When the two were again ordered to come to the cell door to be handcuffed, they complied. Id. Both men were taken to the medical unit for treatment of chemical agent exposure. Id. During his examination, Plaintiff did not complain of any injuries suffered in the fight. Id. at Ex. 3. At the hearing for his institutional rule violations, Plaintiff pled guilty to fighting with another inmate and disobeying a direct order. Id. at Ex. 4.

Defendants assert that Plaintiff is housed on disciplinary segregation and every effort is made to insure that he does not come into contact with any known enemies. They explain that Plaintiff cannot be placed on Protective Custody because he presents too great a threat to the other inmates currently housed there. Id. at Ex. 1, p. 2. Plaintiff does not refute the facts as presented by Defendants.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file,

> together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).  "The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988).

## Analysis

In order to prevail, Plaintiff must establish that Defendants exhibited deliberate or callous

indifference to a specific known risk of harm. See Pressly v. Hutto, 816 F. 2d 977, 979 (4th Cir. 1987). "Prison conditions may be restrictive and even harsh, but gratuitously allowing the beating or rape of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency. Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." Farmer v. Brennan, 511 U.S. 825, 833– 34 (1994) (citations omitted). "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id at 837; see also Rich v. Bruce, 129 F. 3d 336, 339– 40 (4th Cir. 1997).

Defendants allege, and Plaintiff fails to refute, that Plaintiff has never reported a threat to his safety, nor has he requested placement on protective custody. Paper No. 20 at Ex. 6 – 9. It is also undisputed that Plaintiff has threatened others and has himself cultivated gang affiliations. Finally, and perhaps most troubling, Plaintiff is believed to be engaged in the distribution of controlled dangerous substances and may have recruited his mother's assistance in that enterprise.[3] Indeed, Plaintiff's purported drug distribution activity would seem to warrant, at a minimum, careful consideration of any future housing assignments where he could resume that alleged conduct. In the absence of any evidence to refute these allegations, Defendants are entitled to summary judgment in their favor.

A separate Order entering judgment in favor of Defendants follows.

/s/<br>ROGER W. TITUS<br>UNITED STATES DISTRICT JUDGE

January 28, 2010

---

[3] There is nothing in the record supporting a conclusion that Mrs. Graves is a knowing participant in the scheme.